**In re Complaint Concerning the Honorable Clement H. SNYDER, Jr.**

**No. C4-82-1284.**

Supreme Court of Minnesota.

July 29, 1983.

**534**

## ORDER

AMDAHL, Chief Justice.

This proceeding arises from a petition of the Board on Judicial Standards.[1]

By complaint dated September 30, 1982, the Board instituted formal proceedings against the Honorable Clement H. Snyder, Jr., Judge of County Court, Fillmore County, Minnesota (Respondent). The charges made against Respondent were based on conduct alleged in the complaint as:

A. You have admitted that you repeatedly had sexual intercourse with Mrs. Connie Erickson, wife of Richard Erickson, during the past one and one-half years and continuing for about five months after you had notice of this investigation. This conduct constitutes adultery under Minnesota Statute 609.36, a gross misdemeanor. You conspired with Mrs. Erickson to deceive her husband as to the existence of this relationship. On one occasion you prepared a false notice

of a legal secretarial course at William Mitchell Law School, St. Paul, Minnesota, for Mrs. Erickson to show her husband so as to provide an excuse for her absence while she accompanied you to a judges' meeting in Minneapolis.

B. You have admitted that you may be the father of Mrs. Erickson's child born January 16, 1982. You visited Mrs. Erickson at the Harmony, Minnesota Hospital prior to the child's delivery and while she was convalescing. You also attended the child's baptism at Mrs. Erickson's church and assisted in the preparation of food for the guests at the baptism. This conduct became the subject of gossip and speculation in the community, tending to bring your judicial office into disrepute.

C. After the relationship between you and Mrs. Erickson began, you signed Orders to Show Cause in Mrs. Erickson's action for dissolution of her marriage to her husband, Richard, on May 26, 1981 and February 11, 1982, in violation of Canon 3C of the Code of Judicial Conduct.

D. On October 12, 1981 and December 11, 1981, you presented false expense vouchers to the State of Minnesota wherein you claimed lodging costs for two people on occasions when Mrs. Erickson spent the night with you at motels in the Twin Cities area, in violation of Minnesota Statute 609.465.

Respondent filed his response with the Board on October 20, 1982, and, pursuant to Rules of Board of Judicial Standards 9(a)(2), this Court, upon request of the Board, appointed a referee to conduct a formal hearing in the matter. No hearing

---

1. The Legislature established the Board on Judicial Standards pursuant to authority contained in Minn. Const. art. VI, § 9 which states: "The Legislature may also provide for the retirement, removal or other discipline of any judge who is disabled, incompetent or guilty of conduct prejudicial to the administration of justice." Such Board is created by Minn.Stat. § 490.15 (1982):

    Subdivision 1. The board on judicial standards is established and consists of one judge of the district court, one judge of a municipal court, one judge of county court, two lawyers

who have practiced law in the state for ten years and four citizens who are not judges, retired judges or lawyers. The executive secretary is appointed by the governor. Commencing July 1, 1980, the board shall appoint the executive secretary. All members shall be appointed by the governor with the advice and consent of the senate. No member shall serve more than two full four-year terms or their equivalent. Membership terminates if a member ceases to hold the position that qualified him for appointment.

was, in fact, held before the referee for the reason that prior to the date set for such hearing, the Board and Respondent reached an accord with the result that on January 18, 1983, the Board filed with this court a document entitled:

"STIPULATION BETWEEN THE BOARD ON JUDICIAL STANDARDS OF THE STATE OF MINNESOTA AND THE HONORABLE CLEMENT H. SNYDER, JR. AND RECOMMENDATION OF THE BOARD ON JUDICIAL STANDARDS TO THE SUPREME COURT OF THE STATE OF MINNESOTA."

The Stipulation recited that for the purposes of resolving this matter, the Respondent admitted:

a.  Respondent repeatedly had sexual intercourse with Mrs. Connie Erickson, wife of Richard Erickson, during the past one and one-half years. Respondent continued the relationship for about five months after he had notice of this investigation. Respondent conspired with Mrs. Erickson to deceive her husband as to the existence of this relationship. On one occasion the Respondent prepared a false notice of a legal secretarial course at William Mitchell Law School, St. Paul, Minnesota, for Mrs. Erickson to show her husband so as to provide an excuse for her absence while she accompanied the Respondent to a judges' meeting in Minneapolis. This conduct became the subject of discussion among certain members of the community.

b.  This is willful misconduct which, although not related to judicial duties, brings the judicial office into disrepute within the meaning of Rule 4(a)(3) of the Rules of the Board on Judicial Standards, and Minn.Stat. § 490.16(3).

c.  This is conduct prejudicial to the administration of justice or conduct unbecoming a judicial officer that brings the judicial office into disrepute within the meaning of Rule

4(a)(4) of the Rules of the Board on Judicial Standards and Minn.Stat. § 490.16(3).

d.  This conduct violates Canon 2 of the Code of Judicial Conduct, and is grounds for discipline under said Canon 2, Rule 4(a)(3) and (4) of the Rules of the Board on Judicial Standards, Minn.Stat. § 490.16(3) and Article 6, Section 9 of the Minnesota Constitution.

The Stipulation further provided that the Respondent agreed to accept public censure from the Supreme Court and to pay $5,000.00 toward the costs of the proceeding.

Paragraph 9 of the Stipulation provides:

The Board on Judicial Standards hereby recommends to the Supreme Court that this proceeding be disposed of in accordance with the Stipulation.

Subsequent to the filing of the Stipulation, this Court was informed that the Board of County Commissioners of Fillmore County had employed a special prosecutor to determine whether criminal charges should be commenced against Respondent. On February 24, 1983, the Court issued an order staying further court action on the Stipulation and Recommendation until a determination had been made by the Special Prosecutor on whether to institute criminal proceedings.

The Special Prosecutor, after thorough consideration of the matter, determined that a prosecution should not be had and so notified the Board of County Commissioners of Fillmore County. A copy of that notification was provided to the Court with a covering letter from the Special Prosecutor under date of June 10, 1983.

The Stipulation does not refer to, or make recommendation regarding, two of the charges made in the complaint:

C.  After the relationship between you and Mrs. Erickson began, you signed Orders to Show Cause in Mrs. Erickson's action for dissolution of her marriage to her husband, Richard, on May 26, 1981 and February 11, 1982, in violation of Canon 3C of the Code of Judicial Conduct.

D. On October 12, 1981 and December 11, 1981, you presented false expense vouchers to the State of Minnesota wherein you claimed lodging costs for two people on occasions when Mrs. Erickson spent the night with you at motels in the Twin Cities area, in violation of Minnesota Statute 609.465.

■ This court, being of the opinion that a remand to the Board on Judicial Standards for consideration and recommended disposition of charges C and D would result in further delay of final disposition which has already been delayed beyond a reasonable time, has exercised its authority to independently review the record of the proceedings before the Board on the law and on the facts of those two charges and has concluded, as to allegation C, that the orders executed by Respondent were routine orders presented on behalf of the Welfare Department in the collection of support funds which required neither independent conclusions nor exercise of judgment by Respondent and that such action by him was not such as to warrant discipline.

■ We further find, as to allegation D, that the record does not support, and indeed refutes and negates, any conclusion that Respondent presented false expense vouchers.

■ This court has the authority to reject or modify, in full or in part, the recommendations of the Board. *See* Rules of Board on Judicial Standards 12(f); *In re Gillard*, 271 N.W.2d 785, 813 (Minn.1978). In this case, both the judge and the Board have stipulated to both the factual basis for discipline and to the discipline to be imposed. As indicated, we have carefully examined the record. Nothing there indicates the facts to be different from those stipulated by the parties. The Board is charged by statute to make disciplinary recommendations to this court. After an extensive investigation, the Board has determined an appropriate discipline to be imposed. In this case, therefore, we adopt the disposition recommended by the Board on Judicial Standards and leave to the voters of the Third Judicial District a decision, to be made in the privacy of the voting booth, as to the effect of the stipulated conduct on the office of Judge of County Court of Fillmore County.

IT IS THEREFORE ORDERED

1. That a copy of the document entitled:

"STIPULATION BETWEEN THE BOARD ON JUDICIAL STANDARDS OF THE STATE OF MINNESOTA AND THE HONORABLE CLEMENT H. SNYDER, JR. AND RECOMMENDATION OF THE BOARD ON JUDICIAL STANDARDS TO THE SUPREME COURT OF THE STATE OF MINNESOTA."

be attached to, and made a part of, this Order.

2. That Judge Clement H. Snyder, Jr. be, and hereby is, censured for the conduct set forth in the attached stipulation.

3. That Judge Clement H. Snyder, Jr. pay to the Board of Judicial Standards of the State of Minnesota on or before September 1, 1983, the sum of $5,000.00 toward the cost of this proceeding and that such sum shall bear interest at the rate of 8 percent per annum from December 1, 1982, to the date or dates of payment.

## APPENDIX

### STATE OF MINNESOTA IN SUPREME COURT

In re Complaint Concerning the Honorable Clement H. Snyder, Jr.

Board on Judicial Standards File No. 82–31

STIPULATION BETWEEN THE BOARD OF JUDICIAL STANDARDS OF THE STATE OF MINNESOTA AND THE HONORABLE CLEMENT H. SNYDER, JR.

### AND

RECOMMENDATION OF THE BOARD ON JUDICIAL STANDARDS TO THE SUPREME COURT OF THE STATE OF MINNESOTA

IT IS HEREBY STIPULATED AND AGREED by and between the Board on

Judicial Standards (hereinafter designated Petitioner) and Clement H. Snyder, Jr. (hereinafter designated Respondent) as follows:

1. Petitioner has filed a Complaint concerning the Honorable Clement H. Snyder, Jr., Judge of County Court for Fillmore County in Minnesota, Respondent, with the Supreme Court of the State of Minnesota asking for the appointment of a referee to hear evidence in the matter pursuant to Rule 9(a)(2) of the Rules of the Board on Judicial Standards.

2. This Court has appointed the Honorable Bruce C. Stone as referee, who has conducted a pretrial conference between the parties. No testimony has been taken, no orders entered, and no proceedings are pending before Judge Stone presently.

3. The Respondent has filed an Answer to the Complaint, and on June 18, 1982 and September 17, 1982, responded in person before the Board on Judicial Standards. Transcripts of the Respondent's testimony at these appearances are on file.

4. The Respondent withdraws his Answer with respect to the matters hereinafter admitted. For the purposes of resolving this proceeding, the Respondent admits:

a. Respondent repeatedly had sexual intercourse with Mrs. Connie Erickson, wife of Richard Erickson, during the past one and one-half years. Respondent continued the relationship for about five months after he had notice of this investigation. Respondent conspired with Mrs. Erickson to deceive her husband as to the existence of this relationship. On one occasion the Respondent prepared a false notice of a legal secretarial course at William Mitchell Law School, St. Paul, Minnesota, for Mrs. Erickson to show her husband so as to provide an excuse for her absence while she accompanied the Respondent to a judges' meeting in Minneapolis. This conduct became the subject of discussion among certain members of the community.

b. This is willful misconduct which, although not related to judicial duties, brings the judicial office into disrepute within the meaning of Rule 4(a)(3) of the Rules of the Board on Judicial Standards, and Minn.Stat. § 490.16(3).

c. This is conduct prejudicial to the administration of justice or conduct unbecoming a judicial officer that brings the judicial office into disrepute within the meaning of Rule 4(a)(4) of the Rules of the Board on Judicial Standards and Minn.Stat. § 490.16(3).

d. This conduct violates Canon 2 of the Code of Judicial Conduct, and is grounds for discipline under said Canon 2, Rule 4(a)(3) and (4) of the Rules of the Board on Judicial Standards, Minn.Stat. § 490.16(3) and Article 6, Section 9 of the Minnesota Constitution.

5. The Respondent agrees to accept public censure from the Supreme Court which censure may set out the reasons for which it is given.

6. The Respondent understands and agrees that a continuation of the relationship previously described with Mrs. Erickson while either of them is married to another is willful misconduct justifying further disciplinary proceedings. The Respondent agrees that the misconduct which he admits in this stipulation may be used in evidence against him in any such further disciplinary proceedings.

7. The Respondent agrees that he will pay $5,000.00 of the costs of this proceeding. Respondent agrees to pay such sum on or before June 1, 1983, together with interest thereon computed at the rate of 8 percent per annum from December 1, 1982, to the date or dates of payment.

8. The Respondent understands, and hereby agrees that the Complaint, Respondent's Answer, the transcript of Respondent's testimony before the Board on Judicial Standards, and this Stipulation shall be filed with the Supreme Court.

9. The Board on Judicial Standards hereby recommends to the Supreme Court that this proceeding be disposed of in accordance with the Stipulation.

IN WITNESS WHEREOF, the parties have hereunto set their hands this 14 day of January, 1983.

THE BOARD ON JUDICIAL STANDARDS

By /s/ Gene Halverson, Chairman

GENE HALVERSON, Chairman

/s/ Kelton Gage, Attorney for

Kelton Gage, Attorney for the Board on Judicial Standards

/s/ Clement H. Snyder, Jr.

The Honorable Clement H. Snyder, Jr.

Respondent

Jack S. Nordby

Jack S. Nordby

Attorney for Respondent