**In re Complaint Concerning the Honorable John J. TODD, Associate Justice of the Minnesota Supreme Court.**

No. C9–83–1744.

Court of Appeals of Minnesota.

Nov. 28, 1984.

Robert J. Sheran, St. Paul, for respondent.

Theodore J. Collins, St. Paul, for Bd. of Judicial Standards.

## ORDER

This matter came on for an en banc hearing before the Acting Justices of the Supreme Court on September 7, 1984, at 9:00 a.m. pursuant to an order dated August 3, 1984.[1] The panel consisted of Peter S. Popovich, Chief Judge; Daniel F. Foley, Judge; D.D. Wozniak, Judge; Susanne C. Sedgwick, Judge; and Harriet Lansing, Judge.

The Court, having considered the stipulation between the Board on Judicial Standards and Justice John J. Todd, having read the record of proceedings before the Board on Judicial Standards, and having considered the arguments of counsel and upon all the files and proceedings herein,

IT IS HEREBY ORDERED:

1. The stipulation between the Board on Judicial Standards of the State of Minnesota and the Honorable John J. Todd and the recommendation of the Board are rejected.

[1.] Appointed pursuant to Minn.Stat. § 2.724,

2. Pursuant to Rule 9(a)(1) of the Rules of the Board on Judicial Standards, a panel of three referees will be appointed by separate order to conduct a formal hearing on the complaint in accordance with the statutes of the State of Minnesota and the Rules of the Board on Judicial Standards.

3. The purpose of the public hearing is to consider the allegations contained in the complaint served upon the honorable John J. Todd on October 28, 1983, and attached to and made part of this order.

4. The panel of referees shall submit its findings and recommendations, along with the record and transcript of testimony, to this Court for review by January 31, 1985.

5. The State Court Administrator shall provide, if requested by the panel, suitable facilities for the hearing and assist in such other arrangements, including a court reporter, as may be deemed necessary.

Dated: November 1, 1984

 IN BEHALF OF THE COURT OF APPEALS
 (Acting as Justices of the Supreme Court)
 DANIEL F. FOLEY, Judge
 D.D. WOZNIAK, Judge
 SUSANNE C. SEDGWICK, Judge
 HARRIET LANSING, Judge
 (Judge EDWARD J. PARKER taking no part)

## MAJORITY MEMORANDUM

█ 1. In view of Justice Todd's denial of "any intention to cheat or take unfair advantage of other persons taking the bar examination," a fact determination of intent is essential to a proper resolution of this matter and can only be accomplished by a full evidentiary hearing.

█ 2. With respect to the issue of due process raised by the dissent, we note that from the time the judges on the Court of Appeals were designated to sit as a panel of Supreme Court Justices to hear this matter, through oral argument on September 7, 1984, and post-argument confer-

subd. 2, as amended by Laws 1983, Chapter 247.

ences, *no one* ever raised a question as to the composition of the court or asserted any due-process violation of Justice Todd's rights.

On October 5, 1984, after the judges had already heard oral argument, met and discussed our first impressions, and the inclination of each judge was made known, the proposal was first made to add the other members of the Court of Appeals to the panel.

POPOVICH, Chief Judge.

I disagree with the other panel members acting as Justices of the Supreme Court and make the following observations:

1. I would either accept the stipulation of November 29, 1983 and censure Justice Todd or fashion an alternative sanction including censure, temporary suspension and/or fine. This matter ought to be disposed of now, without reference to another fact finding body. We have the record before the Board on Judicial Standards, including the statements of Justice Todd and other pertinent witnesses. This court spent agonizing hours, in addition to our busy workload, researching, reviewing the record, the stipulation, and statements filed with this court pursuant to our order dated August 3, 1984.

2. The majority refer this matter for limited review of only the allegations in the complaint of October 28, 1983, apparently desiring a finding of intent relating to Justice Todd's intention. No other matter is referred by the majority to the panel of referees for consideration and none can be under applicable rules relating to judicial discipline. We can make the appropriate finding based on the record before us. There is no necessity to refer and abdicate our responsibility.

The stipulation between the Board on Judicial Standards and Justice Todd reflects that he "denies any intention to cheat or take unfair advantage of other persons taking the bar examination." (Stip. p. 5(d)). It also stipulates the conduct constituted misconduct within the meaning of Canon 2(A) of the Code of Judicial Conduct and

that it be presented to the Supreme Court for "further action, including approval and acceptance, rejection or modification, or such other action as may be just and equitable * * *." (Stip. p. 6(e)).

3. The Supreme Court, by its order dated December 29, 1983, referred this matter to:

members of the Court of Appeals of the State of Minnesota * * * to sit as the Supreme Court * * * for the purpose of considering and *making the ultimate determination of the issues* here presented.

(Emphasis added.) When this matter came to us, there were only six acting members of the Court of Appeals.

4. We were subsequently advised on January 23, 1984 that the Board on Judicial Standards decided to look into other matters brought to their attention. We advised them on January 25 that Rule 12(e) applied:

**Delay for Further Proceedings.** The court, on receipt of notice of an additional proceeding before the board involving the same judge, may delay decision and hold the matter pending the board's termination of this additional proceeding. In the event that additional recommendations for discipline of the judge are filed, the court may impose a single sanction covering all recommendations.

We asked the Board to proceed with its investigation and advise us of their further recommendation. The following rules of the Board were applicable to the investigation and release of their decision:

(a). Rule 6(f) *Insufficient Cause to Proceed.*

(1) Upon determination that there is insufficient cause to proceed, the complainant, if any, shall be notified. If the judge has been informed of the proceeding, he shall also be notified of its termination, and the file shall be closed.

(2) A closed file may be referred to by the board in subsequent proceedings.

(3) If the inquiry was initiated as a result of notoriety or because of conduct that is a matter of public record, information concerning the lack of cause to proceed shall be released by the board.

(b). Rule 6(g) *Dispositions in Lieu of Further Proceedings.* Even though the board does not find probable cause to proceed with a formal hearing, it may make any of the following dispositions:

(1) The board may issue a private reprimand.

(2) The board may by informal adjustment dispose of a complaint by:

(i) Informing or admonishing the judge that his conduct is or may be cause for discipline;

(ii) Directing professional counseling or assistance for the judge; or

(iii) Imposing conditions on a judge's conduct.

(c). Rule 5(a) provides for confidentiality as follows:

**(a) Before Probable Cause Found.**

(1) All proceedings shall be confidential until there has been a determination of probable cause and formal charges have been filed pursuant to Rule 8(c).

(2) The board shall establish a procedure for enforcing the confidentiality provided by this rule.

(3) A judge under investigation may waive his right to confidentiality prior to a filing of formal charges.

In *In the Matter of an Inquiry Concerning the Honorable Lawrence Agerter,* the Supreme Court on August 17, 1984 said:

* * * The Board rules mandate that the inquiry be discreet and confidential. Rule 6(e)(1). This affords a measure of protection to the judge who is under investigation from injury to reputation from exposure of unjustified complaints, and it also protects the confidentiality of complainants and witnesses. *Nicholson v. State Commission on Judicial Conduct,* 50 N.Y.2d 597, 612, 409 N.E.2d 818, 825, 431 N.Y.S.2d 340, 347 (1980). Here,

if Judge Agerter had responded to the subpoena, he would have appeared at a closed session of the Board. The questioning would have had to be kept within the bounds of relevancy and the judge's testimony would have been kept confidential. If the inquiry disclosed "insufficient cause to proceed," the file would have been closed and that would have ended the matter. Rule 8(b). Only if sufficient cause were established and a "formal statement of charges" filed by the Board with its secretary would confidentiality cease. Rule 8(e)(1).

Regretfully, here the Board's security system is sorely lacking. Other persons have been privy to data, that should have been confidential, even before this court received such materials. Nevertheless, the Board did not find sufficient probable cause to proceed further and that ended the related matter as indicated in the Board's July 30 letter and as provided by the rules.

On July 30 the Board on Judicial Standards advised us as follows:

Dear Chief Judge Popovich:

The Board on Judicial Standards has considered information regarding the Honorable John J. Todd concerning his activities as a director of the El Mar Tropic Ranch, a Florida corporation, personal use of State Wats lines, and personal efforts by Justice Todd to gain favorable legislative action effecting his state pension plan.

Following an investigation, the Board at its regular meeting held on July 20, 1984, failed to find sufficient cause to proceed against the Honorable John J. Todd and to issue a statement of allegations. The vote of the Board was as follows:

In favor of issuing a statement of allegations charging a violation of Canon 5C(2), Farnberg, Applebaum, Bredeson, and Salazar.

Voting against the issuance of a statement of allegations, Schumacher, Levy, Montgomery, Merrick, and Stoppel.

On July 20, 1984, the Board on Judicial Standards with a majority of the full Board concurring in that vote to issue a private reprimand to the Honorable John J. Todd, a copy of which is attached, and disclosed to you pursuant to our Rule 6(f)(3).

By order dated August 3, 1984, we set the pending matter for oral hearing and permitted filing of public statements in accordance with previous practice of the Supreme Court. It was then heard on September 7, 1984 and taken under consideration.

5. Meanwhile, on April 2, 1984, the final six judges of the Court of Appeals assumed office. Since the Supreme Court's order of December 29 referred the matter to the Court of Appeals without naming judges, I am concerned now, in November 1984, that only the first members of the court are considering and disposing of this matter. Had we acted prior to April 1, 1984, this would be of no concern, but acting now when the court is fully implemented and without the participation of the others causes me concern for Justice Todd's due process rights. The majority memo indicates that no one ever raised a question as to composition of the court or asserted any due process violation. It was not necessary for anyone to do so for they had the right to rely on our internal rules and expect that we would abide by them and had no knowledge that we would not.

While the Court of Appeals acts through panels (Internal Rules 3.1 and 4.1), post argument conferences are informal and there is no commitment by virtue of any discussion of first impression (Internal Rule 3.2). The question of participation by other members of the Court of Appeals was raised at such informal conference and prior to any formal vote being taken because of the importance of this matter (Internal Rule 4.1). In addition, Internal Rule 3.3 requires opinion transmittal to other members of the court in addition to the panel itself and permits any three judges to request full court consideration (Internal Rules 4.8 and 4.9). The circulation of the majority view and this dissent has not followed our normal procedures and the additional six judges have had no opportunity to participate in this matter as provided by the rules. The majority's memo infers that the proposal to involve others came belatedly. Not so, the issue was timely raised and in accordance with our internal rules and past practice. The parties to this matter have the right to expect we would honor our own procedures and rules. How could any party or anyone else raise a due process question as implied by the majority when they were not aware of procedural departure?

I was unable to convince the other members of this panel that the words "Court of Appeals" means the court as constituted when the final decision is made. Only four members of this court are now deciding to reject the stipulation and to refer this matter for further proceedings to a panel of referees, yet unnamed. I doubt the wisdom of this action because of its procedural infirmities.

6. In *In re Complaint Concerning the Honorable Clement H. Snyder, Jr.,* 336 N.W.2d 533 (Minn.1983), the Supreme Court said:

This court has the authority to reject or modify, in full or in part, the recommendations of the Board. *See* Rules of Board on Judicial Standards 12(f); *In re Gillard,* 271 N.W.2d 785, 813 (Minn. 1978). In this case, both the judge and the Board have stipulated to both the factual basis for discipline and to the discipline to be imposed. As indicated, we have carefully examined the record. Nothing there indicates the facts to be different from those stipulated by the parties. The Board is charged by statute to make disciplinary recommendations to this court. After an extensive investigation, the Board has determined an appropriate discipline to be imposed. In this case, therefore, we adopt the disposition recommended by the Board on Judicial Standards and *leave to the voters* of the Third Judicial District *a decision, to be made in the privacy of the voting booth,*

*as to the effect of the stipulated conduct* on the office of Judge of County Court of Fillmore County. (Emphasis added.) *See also In re Allegations and Complaint Concerning the Honorable Robert F. Johnson,* 355 N.W.2d 305 (Minn.1984).

7. A review of the public statements and various editorials (i.e., *Minneapolis Star & Tribune,* December 30, 1983; July 31, 1984; and *St. Paul Pioneer Press,* September 7, 1984) seemed to recommend a complete public airing of all matters relating to Justice Todd. The Board's finding of insufficient cause forecloses that inquiry. The majority of the panel agree and remand for limited inquiry only. That being the case, we should dispose of this matter now.

Prolonging this inquiry reflects negatively upon the integrity and reputation of the judiciary. Whatever decision is made, the ultimate fact finder will be the voters if Justice Todd runs for reelection in 1986. He has had tenure on the court since 1972 and has been an active and hardworking justice. Other than the matters discussed herein, there has been no evidence of any other dereliction.

Whatever else occurs, everyone should be mindful of the amended provision of Minn.Stat. § 480.011, which provides:

The reduction of two offices of associate justice abolished by section 480.01 shall become effective upon the first two vacancies occurring in that office on the supreme court. Each justice of the supreme court serving on August 1, 1983 may continue to serve until he is not elected or does not seek reelection. If a justice who was serving on August 1, 1983, is defeated for reelection by another person, that other person shall be deemed to have been in office as of August 1, 1983, for the purposes of this section.

The backlog of cases filed in the Supreme Court prior to August 1983 still pending, the implementation of the Court of Appeals, petitions for review of our decisions, the recent illnesses of Justices Scott and Peterson, all indicate to me the necessity of maintaining a full complement of the Supreme Court Justices. Those clamoring for Justice Todd's removal should be aware that other than by defeat at the polls, no successor can be appointed and the Supreme Court would be reduced in number. I would take the appropriate action now and leave it to the voters in 1986 to determine the wisdom of our actions and the qualifications of Justice Todd should he desire to run for reelection. This court should settle the matter now and get on with the business of judicial administration and "judging" the large number of cases pending before us.

APPENDIX A.

Supreme Court No. C9–83–1744
STATE OF MINNESOTA

BEFORE THE BOARD ON
JUDICIAL STANDARDS

Inquiry Concerning the Honorable
John J. Todd

# 83–51.

I.

The Board on Judicial Standards (hereinafter called the "Board") makes this Complaint to advise respondent, the Honorable John J. Todd, Associate Justice of the Supreme Court of Minnesota, of the institution of formal proceedings to inquire into the charges against him.

II.

This Complaint is made, served and filed pursuant to Minnesota Statutes 490.16 and the Rules of the Board.

III.

Respondent is hereby advised of his duty to respond to the Complaint in writing within twenty (20) days, or to make personal appearance in (addition) lieu of a written response, pursuant to Rule 8(a)(3) of the Rules of the Board. Said Answer is to be filed with the Board, 200 Minnesota State

 Bank Building, 200 South Robert Street, St. Paul, Minnesota 55107.

## IV.

The Board, on its own motion and pursuant to said Rules, has made inquiry and a preliminary investigation with respect to whether the respondent is guilty of conduct prejudicial to the administration of justice, which brings the judicial office into disrepute within the meaning of Minnesota Statutes 490.16, Subd. 3, and the Minnesota Constitution, Article VI, Section 9; and whether said conduct, as has been alleged, seriously diminishes public confidence in the integrity of the respondent in particular, and of the judiciary in general, in violation of Canon 1 and Canon 2A of the Code of Judicial Conduct, adopted by the Minnesota Supreme Court on February 20, 1974.

## V.

On or about August 23, 1983, the Board served written notice to the respondent concerning the nature of the charges against him and afforded him an opportunity for consideration by the Board, explaining, refuting, or admitting the alleged misconduct.

## VI.

Respondent personally appeared before the Board on September 16, 1983 and made an oral response to the Statement of Allegations.

## VII.

Upon all files, records and proceedings before it, the Board has concluded that formal proceedings should be instituted, and the Board hereby advises respondent of the following charges against him.

## VIII.

That you, Honorable John J. Todd, took by writing, the Multistate Bar Examination on July 27, 1983 at the Office of the Board of Law Examiners, 200A Minnesota State Bank Building, St. Paul, Minnesota. At that time, you brought with you, had access to, and used written legal materials, i.e., legal reference books of various kinds, during your examination, contrary to established bar examination procedures in Minnesota, and contrary to honest testing procedures, known to you; such actions giving you an advantage over all other examinees on this test, and constituting a dishonest submission by you on a Multistate examination, testing legal ability for Minnesota and other states.

## IX.

That you, Honorable John Todd, by this misconduct violated: Minnesota Statutes 490.15, Minnesota Statutes 490.16, Subd. 2, Minnesota Statutes 490.16, Subd. 3; Code of Judicial Conduct, Canon 1 and Canon 2(A); Rules of Board on Judicial Standards, Rule 4(a)(3), Rule 4(a)(4), Rule 4(a)(5); and Code of Professional Responsibility, DR 1-101, DR 1-102(A)(4), DR 1-102(A)(5), DR 1-102(A)(6), DR 8-101.

WHEREFORE, respondent is hereby advised that upon the filing of his Answer and/or upon his appearance, the Board shall set a time and place of hearing before a factfinder as provided in Rule 9(A) of its Rules and shall give notice of such hearing to the respondent. These formal proceedings may ultimately cause the Board to recommend to the Supreme Court of the State of Minnesota the discipline, removal, retirement or suspension of respondent.

The Board on Judicial Standards
By/s/ Wayne Farnberg
Wayne Farnberg,
Acting Chairman

Date: October 28, 1983.

## APPENDIX B.

## STATE OF MINNESOTA

## IN SUPREME COURT

### # 83-51

In re Complaint Concerning the Honorable John J. Todd, Associate Justice of the Minnesota Supreme Court,

STIPULATION BETWEEN THE BOARD ON JUDICIAL STANDARDS OF THE STATE OF MINNESOTA AND THE HONORABLE JOHN J. TODD

AND

RECOMMENDATION OF THE BOARD ON JUDICIAL STANDARDS TO THE SUPREME COURT OF THE STATE OF MINNESOTA

IT IS HEREBY STIPULATED AND AGREED by and between the Board on Judicial Standards (hereinafter designated petitioner) and Honorable John J. Todd (hereinafter designated respondent) as follows:

1. Petitioner has filed a Complaint concerning the Honorable John J. Todd, Associate Justice of the Supreme Court of Minnesota, respondent, with the Supreme Court of the State of Minnesota asking for the appointment of a referee to hear evidence in the matter pursuant to Rule 9(a)(2) of the Rules of the Board on Judicial Standards.

2. That a copy of the Complaint against the Honorable John J. Todd was personally served upon respondent on October 28, 1983 and filed immediately with the Executive Secretary of the Board on Judicial Standards as required by Rule 8(c)(1), (2) of the Rules of the Board on Judicial Standards.

3. That by letter dated the 9th day of November, 1983, copy hereto attached, the Honorable Douglas Amdahl, Chief Justice of the Supreme Court of Minnesota, informed James Schumacher, Chairman of the Board on Judicial Standards, and the Board on Judicial Standards, that the appointment of a referee to hear evidence would be deferred pending further request from the Board on Judicial Standards.

4. That respondent filed with the Board on Judicial Standards on or about November 16, 1983 an Answer to the Complaint above described and also requested the opportunity to appear personally and with counsel before the Board on Judicial Standards, which appearance before the Board on Judicial Standards was granted to the respondent on November 18, 1983 at Saint Paul, Minnesota.

5. That the respondent on or about November 18, 1983, presented to the members of the Board on Judicial Standards a letter, dated November 17, 1983, a copy of which letter is hereto attached and made a part of this Stipulation, in which the respondent further discussed the matters pending before the Board.

6. That the respondent and the petitioner on November 18, 1983, entered into a recorded Stipulation agreeing to recommend to the Supreme Court of Minnesota, a disposition of the Complaint against the respondent brought by the Board and that the petitioner and respondent, for purposes of that recommendation and agreement with the Board only, made certain admissions reflected herein, and further agreed to accept a recommended disposition of the matter involving himself upon terms and conditions as set forth hereafter. The terms and conditions and admissions agreed to between the parties are as follows:

a) The respondent agrees to accept, should the Supreme Court see fit to impose it, a public censure under Rule 10 of the Rules of the Board on Judicial Standards and other established law.

b) The respondent admits that he has violated Canon 2(a) of the Code of Judicial Conduct adopted by the Supreme Court of Minnesota February 20, 1974, which code reads as follows:

"A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

That the factual basis for the admission of a violation of the Code of Judicial Conduct is as follows:

1) That the respondent admits that he as a sitting Supreme Court Justice, should not have taken the Multistate Bar Examination which he took in July of 1982 and 1983 in Saint Paul, Minnesota, that taking such Bar Examina-

tion while acting and serving as an Associate Justice of the Minnesota Supreme Court was inappropriate and could not be done without disruption of the test for others or examination under circumstances not properly secure.

2) That the respondent agrees that as a sitting Associate Justice of the Supreme Court he could not rely on other persons to correct his erroneous conduct in bringing reference materials into the examination room inasmuch as other persons conducting or proctoring the examination would be deferential to the respondent and to his position as Associate Justice of the Supreme Court and would not necessarily be free to act forcefully as to violations of the test rules that they observed.

3) That the respondent admits that on the day he took the Multistate Bar Examination in Saint Paul, Minnesota, he brought with him to the examination room and used while taking the examination, certain reference books and materials as follows: *Minnesota Statutes, Volume 6,* Articles 5 through 7, and Amendments 1 through 26, of the United States Constitution, *Minnesota Rules of Court,* 1983 Edition, and the *"West's Review Covering Multistate Subjects".*

4) Respondent is required to know and should have known that the laws and rules governing Multistate Bar Examinations in Minnesota forbid the use of reference books and materials during such examinations.

c) That petitioner and respondent agree and Stipulate that the above described conduct constituted misconduct within the meaning of Canon 2(a) of the Code of Judicial Conduct.

d) The respondent denies that he intended to cheat or take unfair advantage of other persons while taking the Multistate Bar Examination in July of 1983.

e) The respondent agrees and stipulates with the Board on Judicial Standards:

that the Board has jurisdiction over the conduct above described and the respondent expressly waives any irregularities, formal or informal, in the nature of the proceedings by the Board of Judicial Standards, and specifically waives his right to notice of a fact finding hearing, his right to a fact finding hearing, and agrees that by executing this Stipulation with the Board and requesting his counsel to similarly execute the Stipulation, he requests that the agreement between himself and the Board on Judicial Standards be presented to the Supreme Court for further action including approval and acceptance, rejection or modification, or such other action as may be just and equitable in the premises pursuant to the Rules of the Board on Judicial Standards and specifically Rule 10(e).

f) The respondent expressly withdraws any documents or statements filed or made by him with the Board on Judicial Standards or in any other place, and any responses that he has made which are inconsistent with the admissions that are contained in this Stipulation and further agrees that the Answer he served on or about November 16, 1983, and the supplementary statement to the Board of November 17, 1983, are public documents and that they, together with this document, constitute the basis of the recommendation of the Board on Judicial Standards for discipline of the respondent to be made to the Supreme Court of the State of Minnesota.

g) Both the respondent and the petitioner agree that the admissions, recommendations and prayer for action herein contained, are made for purposes of this Stipulation only, and that in the event of a rejection by the Supreme Court of the recommendation of the Board of Judicial Standards, both the petitioner and the respondent will return to the positions which were occupied by them before the Board action of November 18, 1983 at which time the agreement, stipulation and recommendation contained herein

were arrived at between the petitioner and the respondent.

7. . Based upon the foregoing it is Stipulated and Agreed between the petitioner and the respondent that the Supreme Court of the State of Minnesota, in its discretion, may make its Order as follows:

a) Publicly censuring the respondent pursuant to Rule 10, Rules of the Board on Judicial Standards for the respondent's conduct in that respondent:

1) Took the Multistate Bar Examination in July, 1982 and July 1983,

2) Should not have relied on other persons proctoring or administering the examination to correct the wrongful taking by the respondent of materials into the examination room,

3) Had and used reference materials described in the examination room,

4) Should have known the applicable rules and laws governing the conduct of Multistate Bar Examinations in the State of Minnesota,

b) Ordering the termination of proceedings at the Board of Judicial Standards and in the Supreme Court of the State of Minnesota with regard to the Complaint against the Honorable John J. Todd above referred to and on file herein.

IN WITNESS WHEREOF, the parties have hereunto set their hands this 29 day of Nov., 1983.

The Board on Judicial Standards

By/s/ James Schumacher
James Schumacher, Chairman

By/s/ Theodore J. Collins
Theodore J. Collins
Attorney for Board on Judicial Standards

/s/ John J. Todd
Honorable John J. Todd,
Associate Justice of
Supreme Court,
Respondent

/s/ Robert J. Sheran
Robert J. Sheran
Attorney for Respondent